OPINlOMoi the court, by
Ch J. Boyle.
This was an act!on of assumpsit, to which the defendant pleaded ; 1st, the general issue ; 2d, the statute of limitations ; and 3d, a setoff. Upon the 1st and 2d pleas, issues w^re regularly joined ; to the 3d, there were several distinct replications, upon which issues in fact were joined to the country.
Upon all the issues thus made up, there was a general verdict and judgment for the plaintiff, to which this writ of error with supersedeas is prosecuted by the defendant.
The errors relied on for the reversal of the judgment, grow exclusively out of the proceedings consequent upon the plea of setoff. Prior therefore to an examination of these errors, it is proper we should be satisfied the plea which gave birth to them was sufficient to entitle the defendent in the action to the setoff claimed.
The plea alleges “ that the testator of the plaintiff^ on the —-day of —;-- was indebted to the defendant, the sum of —: — for and in consideration of the several items herein set forth in an account marked exhibit A, which is made a part of this plea,” and then proceeds to state an assumpsit, and the breach of this assumpsit in the usual form. A plea of setoff, to be good, ought to contain the substantial requisites of a declaration, and the averment of those requisites should be made with the same certainty and precision. Without the aid of the account referred to, it is clear that the matters contained in the plea, if alleged in a declaiation, would not br suffic em to shew the party’s right to recover; and that he could not by a reference to the account in his declaration, avail himself of the ac- *15 femlnt in making out his cause of action, is a position no less uncontrovertible.
It has often been decided by this court, that the pro-fert of a deed in the declaration or plea does not make it a part of the declaration or plea ; and by a parity of reason, a reference to an account cannot make the account a part of the declaration or pira ; indeed the reason seems to be much stronger in the latter than in the former case, for the deed is the foundation of the action, must be profered in court, and the adverse party is entitled to oyer ; but an account is at most but matter of evidence, cannot be declared on as the basis of the action, and the adverse party is not by any rule of law entitled to oyer of it. To make the account in this case a part of the plea, would therefore be indulging a practice unknown to the law, and which may be oí dangerous consequences.
The error then of which the defendant in the action complains having grown out ofhis plea, which is itself insufficient, he cannot be entitled to a reversal of the judgment. — --Judgment affirmed.