THE STATE *v.* JOHN P. FREEMAN.

*Act of 1852 to prevent traffic in intoxicating liquors.*

Proof of the *giving away* of intoxicating liquors, by a dealer in it, is admissible, under an information against him for *furnishing* it.

*Quære*, whether the terms, furnish and give away, as used in the act of 1852, to prevent traffic in intoxicating liquors, should not be limited, in their application, to dealers in such liquors.

INFORMATION in forty-two counts for illegally selling and furnishing intoxicating liquors, at different times, between the 1st of January and the 16th of June, 1854. The information was filed

at the May Term, 1854. Neither count in it charged the respondent, in terms, with having given away intoxicating liquors. Plea, not guilty; trial by jury, December Term, 1854,—UNDERWOOD, J., presiding.

The testimony on the part of the prosecution, tended to prove that the respondent had, on several occasions, during the period covered by the information, illegally sold, and at other times given away, intoxicating liquors, at his grocery. The respondent's counsel requested the court to instruct the jury that they should not find the respondent guilty of any offence for giving away, as there was no count for that offence in the information,—that evidence of giving away would not support a count for selling or furnishing. The court declined so to instruct the jury, but did instruct them, that evidence of selling or giving away would support a count for furnishing, and directed the jury to return their verdict of guilty, against the respondent, for as many offences as they were satisfied, from the proof, the respondent had been guilty of acts of selling, furnishing or giving away intoxicating liquors. To these instructions, the respondent excepted; the exceptions were allowed, and the sentence respited.

This case was tried, by the consent of the government and the respondent, at the same time, and before the same jury, with an indictment found by the grand jury, for similar offences, committed subsequent to the filing of the information. The jury returned a verdict of guilty of thirty offences, said verdict being taken prior to, and distinct from the taking of the verdict on said indictment.

Other questions, similar to those raised respecting the indictment, and the trial under it, were raised and decided in the same way, in reference to which, see *post* p. 523.

*J. Converse* for the respondent.

*J. Barrett*, state's attorney, for the prosecution.

The opinion of the court was delivered by

REDFIELD, CH. J. The principal question in this case, which is not also embraced in the other case, against the same respondent, is, whether testimony of giving away spirits is good evidence under

a count for "furnishing." The term furnish is somewhat indefinite. Literally it would include both selling and giving away,—and every other mode of putting spirits in the power of another. We could not, probably, give it this extensive signification. Selling seems, by the statute, to be one distinct mode of offence, by itself. Formerly, when that was the only offence under that statute, the violators of the law were wont to resort to sundry evasions to escape the penalty of the statute, by means of giving away the spirits, and obtaining an equivalent, by some counter gratuity, which did not precisely amount to a sale.

The change in phraseology seems to have been intended to meet this facility of evasion, by those who really kept spirits for sale, but by some ingenious device would continue to carry on the traffic without, in terms, selling. I think, therefore, that furnishing was intended only to include such furnishing as was done by dealers in the article, where it was not, in terms, sold; and that giving away is used, as the most common mode of furnishing. Furnishing may include other modes of affording it to others, besides giving away, but clearly does include this. In other words, giving away is a mode of furnishing. For one, I should not be prepared to extend either of these terms, as used in the statute, beyond the class of persons who deal in spirits. I know it has been contended by some, that these terms, furnishing and giving away, extend to every supposable case, where one person aids another in obtaining or using spirits. In this view, it has been said it was the purpose of the act to prohibit the use of spirits, altogether: and, that furnishing spirits and wine, and even cider, as the act first stood, to one's family or guests, was a violation of the statute. And amendments have been made to prevent any such application of the statute.

But, it always seemed to me, that upon any fair construction, it must be considered that these penalties were aimed against dealers in these articles, although I admit the words of the statute admitted of this extreme application, to all cases of furnishing or giving away.

In the view we take of the case, giving away, by a dealer in the article, is a furnishing, within the meaning of the statute. And as all the counts did contain the words sell and furnish, and giving

away is one mode of furnishing, the charge of the court could not have led to any improper conviction.

The view we here take of the import of furnishing or giving away spirits, confining it to dealers in such commodities, harmonizes these provisions with the section in regard to destroying liquor. The statute does not go for an indiscriminate destruction of all spirits, or wine, found in any place, and kept for any purpose, but only such as is kept by dealers, and for the purpose of dealing in it.

The exceptions and motion in arrest overruled.

The respondent was then sentenced for thirty offences.