CASE 30—PETITION ORDINARY—JANUARY 14.

# Bennett vs. McCrocklin.

APPEAL FROM SPENCER CIRCUIT COURT.

A cause of action, used as a set-off, is in the nature of an action, and is subjected to all the restrictions imposed upon it, as though asserted by an original proceeding.

Where a cause of action can only be asserted by original proceeding in a particular county, it is not maintainable in any other county as a set-off or counter-claim.

One who is a distributee of the estate of a decedent, sued by the personal representative for a debt due the latter in his own right, cannot avail himself, by way of set-off, of the sum due him from the plaintiff upon settlement of said estate, where the personal representative was qualified and the settlement made in another county than that in which the action is pending. (*Civil Code, section 97.*)

T. L. BURNETT, for appellant, cited *Rev. Statutes*, (*Stanton's*.) 506, *sec.* 24; *Ib.*, 2 *vol.*, *art.* 11, *sections* 1 *to* 8 *inclusive*.

BROWN & WHITAKER, for appellee, cited *Civil Code, section* 125, *sub-div.* 4; *Ib.*, *sec.* 29.

CHIEF JUSTICE STITES DELIVERED THE OPINION OF THE COURT:

Bennett sued McCrocklin in the Spencer circuit court, upon two notes executed by the latter to Bennett in his own right.

McCrocklin answered, saying that Bennett was the executor of Isaac Bennett, deceased—the father of Adeline McCrocklin, who was the wife of the defendant—and, as executor, had had a settlement with the county judge of Nelson county, in which he fell in debt to the defendant and his wife in the sum of $615 25, which was due and unpaid, and which he prayed might be set-off against the plaintiff's demand. It is also averred, in the answer, that the wife assented to the application of said balance as a set-off to the debts of her husband; and the will of the testator, Isaac Bennett, together with the letters testamentary and settlement, are filed and made part of the answer.

To this answer the plaintiff demurred, upon the ground that the Spencer circuit court had no jurisdiction of the set-off relied on—the plaintiff having qualified as executor in the county of Nelson.. The demurrer was overruled, and the set-off allowed ; and whether correctly or not is the only point raised upon this appeal.

The *Civil Code, title V,* determines the county in which an action may be brought. Under that title are the following sections :

"*Section* 96. An action to settle the estate of a deceased person must be brought in the county in which his personal representative qualified.

"*Section* 97. An action for the *distribution* of the estate of a deceased person, or for partition among his heirs, or for the sale of real property or slaves descended from him, must be brought in the county in which his personal representative was qualified."

Prior to the adoption of the Code this court frequently held that a plea of set-off was in the nature of an action, and must, to be good, contain the substantial requisites of a declaration. (3 *Bibb,* 14; 5 *Monroe,* 83.) And the *Civil Code, (section* 401,) declares, that "in any case where a set-off or counter-claim has been presented, the defendant shall have the right to proceed to the trial of his claim, although the plaintiff may have dismissed his action or failed to appear." (18 *B. Mon.,* 499.) Such defendant is, to the extent of his counter-claim or set-off,

thus made a plaintiff, entitled to proceed as in an original action, and his cause of action is consequently subjected to all the restrictions imposed upon it, as though asserted by an original proceeding. If, therefore, such cause of action could only have been asserted by an original proceeding in a particular county, it is not maintainable in any other county as a set-off or counter-claim. Any other rule would lead to great confusion, and tend to defeat the regulations respecting the venue of actions.

The answer in this case presents a set-off founded upon a settlement made by the plaintiff, as executor of Isaac Bennett, deceased, in the county of Nelson, where he qualified as executor. It is virtually an action to compel distribution of the estate, brought in the county of Spencer. To uphold it as an available set-off in this action, would, in effect, violate *section 97, supra*, which declares that such actions *must* be brought in the county where the personal representative qualified.

We are of opinion, therefore, that the set-off was not available in Spencer; or, in other words, that the section, *supra*, applies, and was intended to apply, to causes of action presented by way of set-off or counter-claim, as fully as if the same were asserted by an original proceeding.

The objection to the answer was well taken, and should have been sustained.

Wherefore, the judgment is *reversed*, and cause remanded with directions to sustain the demurrer and for further proceedings not inconsistent with this opinion.