HON. LOYAL C. KELLOGG,  
HON. ASAHEL PECK, } ASSISTANT JUDGES.  
HON. BENJAMIN H. STEELE.

---

## STATE *v.* SIDNEY H. JONES.

### *Intoxicating Liquor. Pleading.*

An inn-keeper has the same rights and privileges, so far as his own family or household is concerned, to furnish them with such food and beverage as he judges fit and proper for their sustenance and refreshment, as any other head of a family, and incurs no penalty thereby, nor by having it in his house when he so furnishes it.

The respondent was a hotel keeper, and W. was employed by him four days as a hostler. While so employed the respondent furnished him at the bar with whiskey three times, which he there drank. W. took care of the stables and was up nights, and had been so setting up on these three occasions when he so drank. *Held*, that this furnishing to W. did not come within the prohibitive and penal provisions of the statute.

State *v.* Jones.

But the gratuitous furnishing of liquor to musicians, on the occasion of dances at his house, though hired by himself, came within the statute.

Under a count substantially in accordance with the form prescribed by statute, but which omits the words, "at divers times," one offence and but one can be proved.

THIS was an indictment in four counts for violation of the statute regulating traffic in intoxicating liquors. Plea, not guilty, and trial by jury at the September Term, 1866, BARRETT, J. presiding. All the counts except the fourth were abandoned by the prosecuting attorney, and the respondent was tried upon that count alone,

Upon the trial the prosecution introduced evidence tending to show that from the fore part of July, 1866, to the time of trial, the respondent had kept a hotel in the town of Londonderry; that during that time one Corydon F. Wait had been employed by him four days, as a hostler, who testified, that while he was so employed by the respondent, the respondent furnished him, at the bar, with whiskey three times, which he there drank. On cross-examination he testified that he was hostler and took care of the stables, was up of nights, had been setting up when he drank said three times; that while the respondent so kept a hotel, he had two dancing parties there, and himself hired and furnished musicians for the occasion; that during the dances, at intervals, the respondent, without pay, furnished them with whiskey, at his tavern bar, which was drank by them at the bar.

The prosecution also introduced evidence tending to prove, with the occasion above mentioned, thirty-three offenses under the statute, committed on different days.

The respondent offered no evidence.

The respondent's counsel requested the court to instruct the jury that the respondent could not be convicted upon the fourth count of the indictment for any offenses, except such as were committed upon some one single day, and that the furnishing whiskey to said Wait, or to said musicians, under the circumstances, as the evidence tended to show, did not constitute an offense under the statute.

The court declined to instruct the jury as requested, and as to those features of the case instructed them that they should find the respondent guilty of as many offenses as were found, beyond a

reasonable doubt, committed within the period limited by the statute, and that the furnishing intoxicating liquors to Wait and to the musicians at the respondent's hotel, under the circumstances, which the evidence tended to prove, would constitute an offense. To the refusal to charge as requested, and to so much of the charge as is above given, the respondent excepted. The jury returned a verdict of guilty of thirty-three offenses.

After verdict, and before judgment, the respondent filed a motion in arrest of judgment for insufficiency of the count of the indictment upon which the respondent was tried; which was overruled, *pro forma*, and judgment and sentence passed upon the verdict,—to which the respondent excepted.

The fourth count was as follows : "And the grand jurors' aforesaid, upon their oaths, aforesaid, further presentment make. That the said Sidney H. Jones, on the 8th day of September, A. D. 1866, at Londonderry, aforesaid, did sell, furnish and give away intoxicating liquor without authority, contrary to the force and effect of the statute in such case made and provided, and against the peace and dignity of the state."

*Butler & Wheeler*, for the respondent.

I. The respondent neither sold, gave away, or furnished the liquor drank by Wait, within the meaning of the statute. The legislature did not intend to interfere to prevent any one from providing liquors for himself, his family, or servants, as he should see fit. That is left entirely to domestic control. G. S., p. 589, § 1.

II. The count of the indictment upon which the respondent was tried, is insufficient to support a judgment of guilty of more than one offence. The allegation "at divers times" in the statutory form is omitted in that count. This is a material and necessary allegation, if a conviction for more than a single offence is sought. G. S. p. 597, § 28 ; *State* v. *Freeman*, 27 Vt. 523.

Without the authority of the statute, this form of alleging offences could not be used in any indictment. It was adopted into the statutory form in imitation of the like allegation in common law pleadings in civil actions. The statute authorizes its use in these cases when

State *v.* Jones.

the prosecution is for more than one offence, but does not authorize trial and conviction for more than one offence upon one count without it. This is sufficient ground for arresting the judgment. *Joy & Carr* v. *Hill*, 36 Vt. 333.

*C. B. Eddy*, State's Attorney, for the state.

I. Furnishing whiskey to Wait and the musicians, was clearly a violation of the 9th sec. of ch. 94, G. S. Sec. 1, ch. 94, G. S.

II. The fourth count in the indictment, and the evidence tending to support it, were sufficient to fully warrant the charge of the court ; and the respondent should take nothing by his exceptions, and motion in arrest of judgment. G. S. ch. 94, §§ 14 and 18 ; *State* v. *Brown*, 36 Vt. 560.

III. The fourth count is *substantially* in the form prescribed in the 28th section. The words " at divers times " are not material, certainly since the statute of 1858, which in effect enacts that the only essential allegation as to time, is, that all the offenses committed within the statute of limitations, be charged in one count to have been committed upon some one single day.

The opinion of the court was delivered by

PECK, J. This was an indictment for selling, furnishing and giving away intoxicating liquor in violation of the statute.

The first question is whether the furnishing to Corydon F. Wait, under the circumstances disclosed by the evidence on the part of the prosecution, comes within the prohibitive and penal provisions of the statute. The evidence was that the respondent kept a hotel in Londonderry ; that Wait was employed by him four days as a hostler ; that while so employed the respondent furnished him at the bar with whiskey three times, which he there drank ; that he took care of the stables ; was up nights ; that he had been so sitting up on the three occasions when he so drank. The relation in which Wait stood to the respondent, was that of a domestic servant or employee, and for the time being he constituted a part of his family or household. An inn-keeper has the same rights and privileges, so far as his own family or household is concerned, to furnish them with such food and

beverage as he judges fit and proper for their sustenance and refreshment, as any other head of a family. The furnishing to Wait, then, under the circumstances disclosed, was apparently, at least, not within the statute, unless a man having such liquor in his house, incurs the penalty every time he furnishes it to other members of his family, or permits them to partake of it. We think this is not the true construction of the statute. Undoubtedly one of the incidental benefits contemplated by the statute was to reform the habit of families in this respect, by lessening the use of intoxicating liquors as a beverage. But the means the legislature have adopted to accomplish it, is to throw an obstacle in the way of obtaining it, and thereby to prevent its introduction into the family. This the legislature has done by imposing a penalty on the seller, or on him who supplies it, and thus enables the person obtaining it to introduce it into his family. This is the means the legislature has adopted to prevent the mischief; in other words, the statute attempts to prevent the mischief by thus lessening the facilities for accomplishing it. No penalty is imposed on the purchaser, and none on the act of drinking the liquor himself after he has purchased it, and, we think, none on the use he makes of it by passing it to the other members of his family for them to partake of. If we should hold such act to come within the statute, it would follow that every head of a family who has intoxicating liquors in his house for medicinal purposes, a purpose permitted and provided for by the statute, who should furnish it to any member of his family on an occasion when not necessary, in the opinion of the jury, for medicinal purposes, would incur the penalty. This would be going into an inquiry as to the use made of such liquor in the family circle not contemplated by the statute. This view of the statute is confirmed by reference to the proviso to the prohibitory section, permitting the giving away intoxicating liquors at private dwellings. It cannot be supposed the legislature would allow the giving away to friends and neighbors, and prohibit the giving to one's own family and domestics. The statute, on this subject, contained in the General Statutes, is made up of a series of statutes in force when the General Statutes were adopted. The first of these acts was passed in 1852, and did not contain this proviso.

In 1853 the substance of this proviso, as above stated, was enacted as an amendment of the act of 1852. This act probably has no special reference to the furnishing by one to the members of his own family, because there was no need of it for that purpose, but was enacted to enable persons to show their hospitality, at their own houses, to their friends and neighbors by entertaining them in this way ; so that whether this act of 1853, and this part of the *proviso* to section 1, General Statutes, apply, in any case, to an inn-keeper or not, is not material or necessary to decide.

This view of the case as applicable to furnishing to Wait is based on the hypothesis that the respondent furnished the liquor to him in consideration that Wait was in his employ, and that he furnished it gratuitously as he did, or would, his meals and lodgings. The evidence tended to show this. The court therefore erred in charging the jury as matter of law that the furnishing to Wait was an offence within the statute.

As to that furnished to the musicians, we think, in view of the occasion, and the circumstances under which it was furnished, that the court was right in charging the jury that this act of furnishing was within the statute. The musicians were no part of the respondent's family, and their relation to the respondent was quite different from that of Wait.

The next question is, whether the county court erred in instructing the jury that they should find the respondent guilty of as many offences as they found committed within the period of the statute of limitations, the jury having found the respondent guilty of thirty-three offences. The case was tried on the fourth count only. That count was substantially in accordance with the form prescribed by the statute, except it omits the words, "*at divers times,*" contained in the statute form. Each act of sale, furnishing or giving away, is made by the statute a distinct offence, and is visited with a distinct penalty, whether all done or committed on the same day or on different days. At common law only one offence can be charged *in*, or proved *under*, a single count in the indictment. Upon common law principles the court ought to have limited the jury to a conviction for a single offence. But the statute in relation to offences of this

character, regulates the mode of proceeding and prescribes a form for the complaint or indictment, and provides that no more than one count shall be required, and prohibits the taxation of more than one count in taxation of costs, either to the state or against the respondent. This in effect allows any number of offences to be proved under a single count, such as the statute prescribes. The statute provides that all complaints of this character shall be substantially in the form prescribed. The question is whether this count is so far substantially the form prescribed, as to entitle the state to the benefit of the provision permitting more than one offence to be proved under one count. A slight and immaterial departure from the form given in the statute, will not deprive the state of the privilege of proving more than one offence under it. The question depends on the purpose and object, the import and effect of the words "*at divers times*," omitted in this indictment. Every act of selling, furnishing, and giving away, which constitutes the offence, is in its nature single and indivisable, and is incapable of being done or committed *at divers times*. It follows then that the words, "*at divers times*," in the statute form, means the commission of divers offences. It would seem that it must mean this, or else letting in proof of a multiplicty of offences would lead to a trial and conviction of the respondent for offences for which he has not been indicted. The object, the purpose of these words, is to inform the court that the respondent is indicted for more than one offence, and to so notify the respondent that he may be prepared to meet proof of more than one offence. These words, omitted in this indictment, are the only words in the statute form that indicate to the respondent that more than one offence is charged, or that distinguish it in this respect from a common law indictment for a single offence. It is evident therefore that these words, for this purpose, are matter of substance, and that without them or something equivalent, only one offence can be proved under a single count, and that the county court erred in the charge to the jury on this point.

It is further insisted by the respondent's counsel under a motion in arrest for the insufficiency of the indictment, which was overruled by the county court, that this omission of the words, "*at divers*

*times*," vitiates the indictment, and that it is not good even for one offence. It is true that these words as already stated are words of substance for the purpose of letting in proof of a multiplicity of offences, but it does not follow that the omission of them so vitiates the indictment that it can not uphold a conviction for one offence. It contains all of the statute form requisite or even proper for an indictment for a single offence. The government can not be deprived entirely of the use of this form because there is no proof of the commission of more than one offence. If so much of it is used as is adapted to a single offence it is sufficient for that purpose. The grand jury act on oath, and if but one offence is proved before them, they are not obliged to present, nor would it be proper for them to present, the respondent for trial for divers offences; and they may use the form prescribed, omitting the words in question. They are not bound to present a falsehood in order to enable the state to have the benefit of the truth. Truth is an important element of good pleading, both civil and criminal, and most clearly grand jurors and prosecuting officers, acting on their oath of office, ought not by any technical rule to be compelled to go beyond it. The presumption is that the grand jury found but one offence proved, and that they very properly omitted the words in question in order that the count might conform to the truth. If the statute merely prohibited a person from becoming a *dealer* in intoxicating liquors, so that a succession of sales would be necessary to constitute the offence, the omission of the words in question would be fatal; but not so when each sale is an offence. The count in question is good under the statute for a single offence, and the motion in arrest is overruled.

For the errors in the charge the judgment is reversed and a new trial granted.