## SUPREME COURT—IN BANCO.

### APRIL TERM—1873.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

THE KING *vs.* ASINA ET AL.

AN INDICTMENT charging burglarious entry with intent to steal and also stealing is not erroneous.

The entry is burglarious though made in a part of the house occupied as a store, if some part of the house is used as a dwelling.

The prisoners were tried at the last term of this Court before HARTWELL, J., and found guilty of the charges alleged in the indictment, and thereupon their counsel moved in arrest of judgment, alleging as grounds therefor,

1. That the indictment is double in charging two distinct offences having different penalties.

2. That the indictment is uncertain, as it is impossible to say on which section of Chapter 14 of the Penal Code it is based, and therefore the Court cannot pronounce sentence.

3. That the charge should have been under Section 15 of the 16th Chapter of the Penal Code.

This motion was denied, and thereupon the prisoners' counsel moved for a new trial, alleging as grounds therefor, (1) Error of the Court in instructing the jury that there was no variance between the indictment and the facts shown, inasmuch as the indictment charges burglary in a dwelling house, whereas the proof was that the room entered was used as a store, being in the lower story of a house the upper part of which was used for a dwelling, and connected with the lower part only by an *outer* stairway, the same person occupying and using the entire premises, which were enclosed in

one yard, entered by a gate from outside : which motion was denied.

To these rulings exceptions were taken and allowed.

### OPINION OF THE COURT BY HARTWELL, J.

The indictment charges breaking and entering a dwelling house by night with intent to steal, and stealing. It is urged that the intent and the larceny are not chargeable under Section 1, Chapter 14, Comp. Penal Code, viz. : "Whoever in the night breaks and enters the dwelling house of another with intent to commit murder, rape, arson, robbery, larceny, or other felony, is guilty of burglary." The se d section of the same chapter provides that "to constitute burglary it is not necessary that any crime within the meaning of the above section be committed." This is like the common law offence of burglary. "A burglar is one that in the night time breaketh into a mansion-house of another with intent to kill some reasonable creature, or to commit some other felony within the same, whether his felonious intent be executed or not."—3 Coke's Inst., 63. Also like the Massachusetts Statute : "Whoever breaks and enters in the night time a building, ship or vessel with intent to commit murder," &c.—Gen. St., 797. At common law and under the Massachusetts Statute, both the intent and the larceny may be charged in one count.—2 Arch., Cr. P., 265 ; Wh. Cr. Law, 525 ; Roscoe's Cr. Ev., 344 ; 3 Gr. Ev., §82 ; 3 Ch. Cr. Law, 1113 ; Devoe *vs.* Com., 3 Met., 322 ; Joslyn *vs.* Com., 6 *Ib.*, 239 ; Larned *vs.* Com., 12 *Ib.*, 245 ; Com. *vs.* Hope, 22 Pick., 5. The same rule applies to our statute. An acquittal on this indictment would bar an indictment under the statute of breaking and entry with intent to commit a felony, or with an actual felony committed. The intent may be shown by the act, and the additional averment of the act does not vitiate that of the intent, but if unnecessary may be disregarded as surplusage.—Lohman *vs.* People, 1 Com., 383;

People *vs.* Gilkinson, 4 Park., 29; Crichton *vs.* People, 6 *Ib.*, 366.

The fifteenth section of the chapter cited describes a lower degree of the same offence, the only substantial difference between that and the offence as described in the first and second sections being the absence of any one in the house. The prisoner may bring his sentence within the lower penalty by showing that no one was in the house, but not by showing that he has actually committed the larceny. See the King *vs.* Hulu, October term, 1868.

It is also urged that the proof fails to show that a dwelling house was entered. But if the owner of a dwelling house use any portion of his house for a work-shop, store-room, counting-room, office, sales-room, or study, and that portion be entered by a burglar, the house-owner is not precluded from the protection of the law which secures him from burglary of a dwelling house. The law throws its mantle of protection over the whole house in such cases, and is intended to secure peaceful rest by night for its owner. The statute against burglary of a shop or counting-room is expressly restricted to buildings which are not dwellings. If the ruling were made as asked, it would soon be found that no burglar is indictable unless he enters the actual sleeping or lodging rooms.

Exceptions overruled.

Attorney General A. F. Judd for the Crown.

W. C. Jones, *contra.*

Honolulu, April 26th, 1873.