### LUIGI SILVESTRI *vs.* LUIGI MISSOCCHI.

Suffolk.    January 10, 1896. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Goods furnished within the Meaning of a Guaranty.*

A delivery of goods ordered by a purchaser packed and marked with the proper
address of a town in Maine, to an expressman in Boston, to be taken to the
Boston freight office of a railroad connecting with that point, coupled with a
return of bills of lading and what purports to be a receipt from the freight
office, and the absence of any complaint that the goods were not received, is
some evidence that the goods were received at their destination; and such a
delivery and receipt by the purchaser is within a guaranty of payment by the
purchaser for goods furnished at the point of destination.

CONTRACT, for breach of the following agreement under seal,
dated June 14, 1893, and executed by the defendant as the
party of the first part, and the plaintiff as the party of the second
part: " Whereas the party of the first part is desirous of having
the party of the second part extend to John Berry . . . certain
credits by way of furnishing the said John Berry with groceries,
provisions, and comestibles at Cordaville, Mass., and along the
line of the Portland and Rumford Falls Railroad Company, in
the State of Maine, during the continuance of the works to be
at those places performed by the said John Berry. Now, there-
fore, I, Luigi Missocchi, party of the first part, in consideration
of the sum of one dollar to me in hand paid by Luigi Silvestri,
party of the second part, hereby guarantee the payment of any
and all accounts contracted by the said John Berry with the

said party of the second part, arising out of any and all credits extended by the said party of the second part to the said John Berry for goods furnished as aforesaid to either Cordaville, Mass., and along the line of the Portland and Rumford Railroad Company, in the State of Maine. The said bill or bills, account or accounts, to be paid by the party of the first part to the party of the second part on presentation and demand of payment. And the said party of the second part, for the consideration of the above guarantee, hereby agrees to furnish the said John Berry above mentioned with such' groceries, provisions, and merchandise as the said John Berry may order to be sent to the places and destinations above set forth, and will present to the said John Berry and the party of the first part monthly statements of all goods sent thereto."

The declaration alleged that " by the terms of the agreement the defendant agreed with the plaintiff to pay for all goods furnished by the plaintiff to one John Berry, at Cordaville, and at points along the Portland and Rumford Falls Railroad, in Maine. And the plaintiff says that under and by reason of said agreement, and on the strength thereof, he furnished to said Berry at such places certain goods, according to the account annexed ; that he has demanded payment for said goods from said Berry, who neglects and refuses to pay the same, and he has demanded payment of said goods from the defendant, and the defendant has refused and still refuses to pay for the same, and to carry out his part of said agreement."

The answer was: 1. A denial that by the terms of the agreement the defendant agreed to pay for all goods furnished by the plaintiff to Berry. 2. That the defendant was ignorant whether the plaintiff furnished goods to Berry in accordance with the terms of the agreement, and left the plaintiff to prove the same. 3. That, by the terms of the agreement, the plaintiff agreed to present to the defendant monthly statements of all goods sent to Berry to the places set forth in the agreement, but that the plaintiff had failed so to do.

The case was referred to an auditor, who made the following report :

" The defendant contended that the plaintiff was not entitled to recover upon the pleadings, as there was no allegation of any '

demand on Berry, or of any neglect or refusal on his part to pay the bill; and, further, that the declaration was inconsistent with the guaranty, in that the declaration alleges that the defendant agreed to be responsible for all goods furnished, while the guaranty was limited to goods furnished at Cordaville, and at points along the Portland and Rumford Falls Railroad, in the State of Maine; but I ruled that the declaration was sufficient. It appeared in evidence that Berry was a contractor and employer of Italian laborers; that in June, 1893, he was desirous to obtain supplies from the plaintiff and get credit therefor; and that on or about June 14, 1893, the plaintiff and defendant executed the agreement under seal. I find that the plaintiff, after the execution of the agreement, furnished to Berry, under the same, at Lewiston and Mechanics Falls, both of which are on the line of the Portland and Rumford Falls Railroad, in the State of Maine, all of the goods described in the bill of particulars annexed to the declaration, except that the amount of item 11 should be $392.83 instead of $393.83; that the prices charged are reasonable and proper; that shortly after each shipment the plaintiff sent a bill or statement thereof to both the defendant and Berry; that all credits have been given; and that the defendant owes the plaintiff the sum of $1,941.79 therefor, with interest from the date of the writ.

"The defendant contended that there was no evidence to justify a finding that the goods had been delivered in accordance with the terms of the guaranty. It appeared that the goods were ordered by Berry; that they were packed in the store of the plaintiff in Boston, and marked for John Berry, at Lewiston or Mechanics Falls; that bills of lading were made out by the plaintiff or his clerk; that the packages and bills of lading were given to an expressman to take to the freight office in Boston; and that the bills of lading, with what purported to be a receipt from some one at the freight office, were returned to the plaintiff by the expressman; and that no complaint that the goods were not received was ever made by Berry. I ruled that this evidence justified a finding that the goods were furnished according to the terms of the guaranty, and so found. The plaintiff did not pay any freight charges. The plaintiff included in his bill the charges for cartage of the goods by the expressman to the

freight station. The defendant contended that these charges were not within the guaranty; but I ruled that the guaranty would cover the reasonable and proper charges for forwarding the goods, and allowed the items. If this ruling was erroneous, the above finding for the plaintiff should be reduced eight dollars and ninety cents.

" Among the goods charged for by the plaintiff were cigars and tobacco, which the defendant contended were not covered by the guaranty. On this question the following agreement was made: ' If evidence is competent, it is agreed that the plaintiff's witnesses would testify that contractors, like John Berry, furnished and were in the habit of furnishing to their employees in the line of the work, and from the " Commissary " so called, tobacco and cigars, as they furnished macaroni, cheese, and sausages; that where contractors like Berry ordered goods from dealers like Silvestri, they included and were in the habit of including in such orders cigars and tobacco, as they included macaroni, cheese, and sausages; and that Missocchi when he signed the guaranty knew this.' I was of opinion that the evidence was not competent, and excluded it, but ruled that cigars and tobacco were within the terms of the guaranty, and allowed the items therefor. If this ruling was erroneous, the amount due from the defendant to the plaintiff should be reduced by the sum of one hundred and twenty-eight dollars and ten cents."

At the trial in the Superior Court, without a jury, before *Richardson*, J., the plaintiff put in the auditor's report and guaranty, and rested. The defendant, who offered no evidence, requested the judge to rule that the plaintiff could not maintain his action. The judge refused so to rule, and found for the plaintiff; and the defendant alleged exceptions.

*G. F. Piper*, for the defendant.

*O. A. Galvin*, (*J. F. Sweeney* with him,) for the plaintiff.

HOLMES, J. The defendant argues that the special facts found by the auditor do not warrant his conclusion that the goods were delivered at points on the line of the Portland and Rumford Falls Railroad. The auditor finds that the packages were marked for those points, and were delivered to an express-man to take to the freight office in Boston, that bills of lading and what purported to be a receipt from some one at the freight

office were returned to the plaintiff by the expressman, and that no complaint that the goods were not received was made by the party who ordered them. This is some evidence that the goods were received at their destination, on the same principle that is applied to the case of letters put into the post office. *Huntley* v. *Whittier*, 105 Mass. 391. *Briggs* v. *Hervey*, 130 Mass. 186. The argument for the defendant seems to be that the goods were put under the buyer's control when delivered to the railroad in Boston, and therefore were not within the terms of the guaranty. The words of the contract are " goods furnished . . . along the line of the " railroad. These words manifestly contemplate that the goods may be shipped by rail and delivered by the railroad to the purchaser. They apply equally whether the railroad was the seller's or the buyer's bailee. In a strict sense, if that were material, the goods were not delivered until they left the bailee's hands. *Hallgarten* v. *Oldham*, 135 Mass. 1, 9.

It is argued further that there was no evidence that the goods were furnished to the buyer during the continuance of the works to be performed by him as required by the guaranty. It does not appear that the auditor's attention was called to this point, and therefore the details of his report are less definite with regard to it than they might have been. Plainly, from the evidence offered by the plaintiff as to what contractors were in the habit of furnishing their employees, it was understood or assumed that the goods were within the contract in this respect. But it is enough to say that the auditor found for the plaintiff, and that nothing about the matter appears in his report which shows that he was wrong. These are the only points argued.

*Exceptions overruled.*