# REPUBLIC OF HAWAII *v.* W. AKAU.

### EXCEPTIONS FROM CIRCUIT COURT, THIRD CIRCUIT.

SUBMITTED JUNE 28, 1897.          DECIDED MARCH 24, 1898.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE PERRY, IN PLACE OF JUDD, C. J., ABSENT.

Sec. 71, Act 64, Laws of 1896, provides that lodging or tenement house, hotel, boarding house and restaurant licenses shall be issued upon certain conditions, one of which is "that no intoxicating liquor shall be furnished or sold therein, except as authorized by law." The defendant, a licensed restaurant keeper, without a liquor license, gave intoxicating liquor to various persons at various times on the restaurant premises. He, his partner and employees slept on the premises. Held,

That the building did not lose its character as a restaurant because a portion of it was occupied as a dwelling.

The word "furnish" in the statute may include "gifts" under some circumstances on the restaurant premises.

Ignorance that an act was a criminal offense does not excuse, if the act was done intentionally.

The condition relating to the sale or furnishing of intoxicating liquor is not unconstitutional either as being class legislation and not applying to all occupations, or as not being embraced in the subject of the Act which is "An Act to amend, add to and consolidate the laws relating to certain licenses," &c.

#### OPINION OF THE COURT BY FREAR, J.

The defendant was tried and convicted in the District Court of North Kona, Hawaii, upon a charge of furnishing liquor to

certain persons at certain times in March last, contrary to the provisions of Secs. 71 and 72, Act 64, Laws of 1896. Upon appeal he was tried in the Circuit Court, jury waived, and convicted, upon the following agreed facts:

"The defendant kept a restaurant and eating-house in Kailua, District of North Kona, Island of Hawaii; he held a license as a restaurant keeper; he had no license to sell spirituous or intoxicating liquor. The defendant, his partner and two employees slept on the premises, there being rooms provided for that purpose. On the 14th day of March, 1897, the same being the defendant's birthday, he gave a feast in and upon said restaurant premises, to divers of his friends, furnishing four bottles of gin for the occasion. He also gave upon the premises two bottles of gin to friends from Hamakua, and two bottles of gin to relatives from Waipio. He also, on divers occasions immediately before and immediately after said 14th day of March, furnished upon the premises spirituous liquor to divers persons.

"For the purposes of this case it is not claimed on behalf of the Government that any pecuniary consideration was paid.for said liquors, or denied that they were a gift."

The Act in.question is a general act relating to licenses. Secs. 68-74 relate to lodging or tenement house, hotel, boarding house and restaurant licenses. Sec. 71 provides that such licenses shall be issued upon certain express conditions, one of which is, "3. That no intoxicating liquor-shall be furnished or sold therein, except as authorized by law." Sec. 72 provides that anyone "who, holding a license, shall violate or fail to observe any of the requirements or condition of this Act or of his license, shall be fined," etc.

The points presented on the exceptions upon which the case comes to this Court will be considered in their order.

1. That the facts stated do not constitute an offense under the law. Defendant contends that, as he, his partner and two employees slept on the premises, the building should be re-

garded as a dwelling and not as a restaurant, citing *The King v. Asina*, 3 Haw. 474, in which it was held that an entry was burglarious, though made in the part of a building used as a store, if some part of the building was used as a dwelling. But if a building does not lose its character as a dwelling because a part of it is used as a store or restaurant, it is equally true that it does not lose its character as a store or restaurant because a part of it is used as a dwelling. The building would have a dual character. Even if the two parts of the house could be treated separately, the one part as a restaurant and the other as a dwelling (as to which we express no opinion) it would not avail the defendant in this case, for it is agreed that the acts charged took place on the "restaurant premises."

It is contended further that the word "furnish" in the statute cannot be held to include a gift. Whether it can be held to include a gift of the kind made on the 14th of March, when the liquor formed merely a part of a birthday feast given by the defendant, though on the restaurant premises, it is unnecessary to decide. A furnishing in that way may be analogous to a providing of liquor for the use of one's family,—in which one's servants and guests may be included. But the agreed statement shows that the defendant gave liquor in other ways on days other than his birthday. "On divers occasions immediately before and immediately after said 14th day of March" he "furnished (using the very word of the statute) upon the premises spirituous liquor to divers persons." "He also gave upon the premises two bottles of gin to friends from Hamakua, and two bottles of gin to relatives from Waipio." It is "not claimed on behalf of the Government that any pecuniary consideration was paid for said liquors, or denied that they were a gift." The question, therefore, is, whether the word "furnish" may include "give" under any circumstances, within the meaning of the statute, or does the mere absence of a consideration in all cases take the case out of the statute? It is contended that the word "furnish" was intended to cover cases of barter and exchange. But the word

"furnish" has a broader meaning. It means "provide" or "supply" and does not import a consideration. One object of the legislature was to provide special means to prevent illicit or unlicensed traffic in intoxicating liquors in places where the temptation to carry on such traffic would be great and where it would be easy to carry it on without detection. There are many devices by which liquor can be given away with the expectation of gain or advantage of some sort and yet so as not to amount to a sale, exchange or barter. Moreover, a prohibition against giving might be deemed a necessary precaution in order to prevent evasions of the prohibition against selling. The statute was made broad designedly with a view to preventing such transactions. Another object of the statute was to provide for the orderly and quiet conduct of the houses in question—a regulation called for by the public nature of such houses. No doubt, as argued, the legislature did not intend to denounce an act as criminal if done by citizens engaged in one and a legitimate vocation, while innocent if done by citizens engaged in any other pursuit. But the statute does not denounce the giving away of liquor by persons who happen to be restaurant keepers. They may give away liquor, as well as any other class of persons. They may not, however, give it away to outsiders upon the restaurant premises. The prohibition is restricted to the appropriate places and circumstances which call for it. Otherwise it might be open to objection as unconstitutional. See the third point below. In *State v. Jones*, 39 Vt. 370, a hotel keeper gave liquor to a hostler who was employed by him four days, and to musicians employed by him on the occasion of dances at his hotel. The court held that the furnishing to the hostler was not criminal because he was a part of the family, but otherwise as to the furnishing to the musicians. In *State v. Freeman*, 27 Vt. 520, the court held that a charge of "furnishing" liquor was sustained by proof of "giving" it. In *State v. Deusting*, 33. Minn. 102, the ordinance provided that no person should "sell, vend, deal in, or dispose of" certain

liquors without a license. The court held that the word "dispose" included dispositions by way of gift. The words of our general act to regulate the sale of spirituous liquors are "sell or dispose of." Comp. L., p. 695. If "dispose of" include gifts, "furnish" must also include gifts, under the circumstances contemplated by the Act. The Act should be construed so as to be made effective and so as to accomplish its purposes and prevent evasions.

2. That the defendant did not intend to commit a crime and that there was not that union of act and intent necessary to constitute a crime. The defendant intended to do what he did do, and if he did not intend to commit an offense it was merely because he did not know that what he did and intended to do was an offense. Ignorance of the law is no excuse.

3. That the law is repugnant to Sec. 1 of Art. 1 of the Constitution, which reads: "God hath endowed all men with certain inalienable Rights, among which are Life, Liberty and the Right of acquiring, possessing and protecting property, and of pursuing and obtaining Happiness." The argument upon this point assumes that the word "furnish" includes "give" and that the legislature might in the exercise of the police power prohibit all persons from giving away liquor. The contention is that the prohibition cannot be placed upon any one class but that if imposed at all it should extend to all classes. It is well established that classification for legislative purposes is constitutional provided the classification is reasonable and not merely arbitrary. If the legislation extends to all within the class it is unobjectionable from the constitutional standpoint. It is not sufficient, it is true, that all the selected objects merely have some attribute in common. That might constitute them a class for some purposes but not for legislative purposes. There must be some reasonable connection between the common attribute and the purposes of the legislation,—something in the common attribute that calls for or justifies the particular legislation. In the present case, provision is made under the police power

of the state for the orderly conduct of quasi-public houses and for a special means of enforcing under conditions which render peculiarly easy and likely of evasion, a rule that is made applicable to all under another and more general act, prohibiting the selling or disposing of liquor without a license. This is sufficient to justify the legislation. This view is supported by the reasoning in the cases cited by counsel, among which may be mentioned *The King v. Fernandez,* 7 Haw. 505, and *Gulf, &c., Co. v. Ellis,* 165 U. S. 151, both the majority and minority opinions and cases therein cited. See also *Tai Kee v. Minister of Interior, ante* p. 57; *Campbell v. Shaw, ante* p. 112; *Republic v. Vasconcelles, ante* p. 228.

4.    That the law is repugnant to Article 63 of the Constitution, which provides that "Each Law shall embrace but one subject, which shall be expressed in its Title." Here also *The King v. Fernandez, supra,* is relied on.. In that case it was held that the subject of the portion of an act that prohibited the mere possession of spirituous liquor without intent to traffic in it was not embraced within the title, "An Act to better prevent illicit traffic in spirituous liquors." That case is not in point. Furnishing or giving away intoxicating liquors is more closely related to selling them than is the mere possession of them. In *State v. Anderson,* 14 Ind. 296, in considering a statute entitled "An Act to regulate and license the sale of spirituous liquors," &c., the court said: "When we consider the object for which such a law was passed, viz., to prevent abuses that might flow from the unrestrained disposal of liquors in these respects, it would seem that the giving away, under circumstances which might produce the same evil results as the selling, would be a matter properly regulated in connection with the selling. Indeed, it may be regarded as a necessary incident to a statute regulating the sale, to secure its efficient operation. It is a necessary precautionary provision to prevent evasion of the prohibition to sell. All experience under license laws proves this."

But the present case does not involve the question whether the possession or furnishing or giving of liquors may be prohibited under a statute whose title refers to sales only. The title of the Act under consideration does not refer even to sales. It is "An Act to amend, add to and consolidate the laws relating to certain licenses and to repeal the following laws, viz," &c. One of these licenses is the restaurant license and the portion of the statute in question is merely one of the conditions upon which that license shall be granted. In a statute relating to certain licenses it is proper to specify the conditions upon which the licenses may be granted. The constitutional provision in question should be construed liberally. *Re Walker*, 9 Haw. 171.

5. That the law is otherwise partial, unjust and obnoxious to the Constitution. This point is submitted upon the arguments made upon the other points; also upon Art. 1, Sec. 2, of the Constitution, which provides that "The Government is conducted for the common good, and not for the profit, honor or private interest of any one man, family or class of men;" also upon Art. 8 of the Constitution, which provides that "No person shall be * * * deprived of life, liberty or property, without due process of law." This point is sufficiently covered, so far as we are called upon to touch upon it, by the reasoning upon the other points.

The exceptions are overruled.

*Deputy Attorney-General E. P. Dole* for prosecution.

*A. S. Humphreys* for defendant.