FRANK A. CHAMPLIN, DEFENDANT IN ERROR, v. ANDREW
S. CHURCH, PLAINTIFF IN ERROR.

Submitted March 12, 1908—Decided June 15, 1908.

Where a merchant directed another to have shipped to him corn of a
certain kind and grade, at a certain price, over a certain railroad,
the weight and grade of the corn to be evidenced by a certain
official certificate, the fact that the corn while in transit became
heated, will not excuse the vendee from payment of the purchase
price.

On writ of error to the Supreme Court.

For the plaintiff in error, *Adrain, Silzer & Pearse.*

For the defendant in error, *Brown & Beecher.*

The opinion of the court was delivered by

MINTURN, J. The defendant delivered to the plaintiff, a
grain merchant in the city of Newark, the following order:

"Please have shipped to me at South River, via N. J.
Central Railroad, one car, three mixed corn, price 57; Shipment, Hurry; Terms, Arrival draft; Remarks: Western
Official Certificate of weight and grade final."

The plaintiff ordered the required corn from a concern at
Toledo, Ohio, and it was delivered at South River, where the
defendant refused to accept it upon the ground that it was
damaged by heating. The plaintiff having waited a reasonable
time for the defendant to accept the corn, finally sold it, after
notice to defendant, and brought this action to recover the
difference between the price realized upon the sale and the
agreed price of the corn.

The judgment of the Essex Circuit Court, where the case
was tried without a jury, was for the plaintiff, and from that
judgment this writ of error is taken.

The conspicuous feature of this case, which differentiates

it from the ordinary case in the category of vendor and vendee, consists in the fact that the vendor in the case at bar was so limited and circumscribed in the exercise of judgment by the language of the written order from which he derived his authority to purchase that he was, in essence, a mere conduit or special agency through which the goods were to be delivered. Upon the execution of the order and substantial compliance with its requirements his duty was performed, and his right to the agreed compensation was complete. *Butler* v. *Maples,* 9 *Wall.* 766; *Story Ag.* 126.

It will be observed that he was not to ship, but to "have shipped" to the defendant at a fixed price, corn of a certain quality, over a certain railroad, the grade or condition of the corn to be evidenced not by his judgment but by a certain form of certificate which as between him and the defendant was to be final. "Both in morals and in law," remarks a recent writer of distinction, "one is responsible for the thing which he brings to pass, whether he employs an inanimate object to effectuate his purpose, or sets in operation the infinitely more complicated chain of causation which results from the employment of another moral agent." "*Legal Liability*" by *Street, ch.* 41.

The trial court found as a fact that the corn when shipped was in good condition, and therefore the delivery to the carrier in accordance with the specific instructions contained in this order relieved the shipper of liability for damage *in transitu* and imposed the burden and risk of damage upon the consignee. *Dawes* v. *Peck,* 8 *T. R.* 330; *Conn* v. *Reed, Dawson & Co.,* 44 *Vroom* 112; *Wilcox Silver Plate Co.* v. *Green,* 72 *N. Y.* 17; *Silvestri* v. *Missocchi,* 165 *Mass.* 337; *Benj. Sales,* § 693; *Tiff. Sales* 195.

In the light of this *status* it became a matter of slight, if any, importance whether the testimony of a conceded dealer in grain, not for the purpose of contradicting the terms of the order, but for the purpose of eliciting the meaning of a trade expression employed therein, was relevant, although under the undeviating rule and policy of the courts in such matters it

was properly admitted. *Steward* v. *Scudder*, 4 *Zab.* 96; *N. J. Zinc Co.* v. *Boston Franklinite Co.*, 2 *McCart.* 418; 17 *Cyc.* 685.

No error appearing in the record, the judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.    16.

*For reversal*—None.