# TERRITORY OF HAWAII *v.* HU SEONG.

## APPEAL FROM DISTRICT MAGISTRATE OF HONOLULU.

ARGUED OCTOBER 23, 1911.                    DECIDED OCTOBER 30, 1911.

### ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

CRIMINAL LAW—*charge—furnishing opium—evidence.*

> Where the defendant is charged with the offense of furnishing opium to another in violation of the statute and the evidence shows a sale and delivery of the opium by the defendant to another, a conviction of the defendant by the district magistrate must be sustained.

### OPINION OF THE COURT BY DE BOLT, J.

#### (Robertson, C.J., dissenting.)

This is an appeal on points of law from a judgment of the district magistrate of Honolulu, finding the defendant guilty of the offense of furnishing opium or a preparation thereof to another, contrary to the provisions of section 1399, R. L., which reads: "The board of health may, upon the conditions to be named in such authorization, authorize any duly qualified physician or surgeon, or any person holding a license to sell poisonous drugs, to sell for medical purposes only, opium and preparations thereof; provided, however, that no person shall sell or furnish opium or any preparation thereof, except upon the written prescription of a duly licensed physician signed by him."

The charge entered against the defendant, and upon which he was tried and convicted, was, that he, "at Honolulu, * * * on the 24th day of August, A. D. 1911, then and there not being authorized by the board of health of the Territory of Hawaii, unlawfully and wilfully did furnish to one Chung Choy certain opium or preparation thereof, contrary to the provisions of section 1399 of the Revised Laws of Hawaii."

At the trial before the district magistrate the witness Chung Choy testified: "I went into this place" (defendant's) "to buy opium. I paid money to the defendant and I received opium from him. I said, 'Give me a quarter's worth of opium.' He did not say anything, but caught hold of the Chinese scales and weighed the opium. He put the opium in a nutshell and handed it to me. I gave him a half dollar, and he gave me back in change 25 cents."

Officer J. R. Kellett testified: "I sent Chung Choy ahead to buy opium from the defendant. He went in, we followed him. We saw him and heard him ask for opium. I saw the defendant take a scale and then horn and needle, take some opium out and put it on the scale and weigh it. Then the defendant put the opium in a shell and wrapped it up in a piece of white paper and handed it to Chung Choy. We could see the whole transaction. Before Chung Choy went in I gave him a marked half dollar. After this transaction, we went in and took the opium from the informer. Apana took the opium and 25 cents change from him and I picked up the half dollar. We were looking through window pane. There was a curtain, but enough space to look through window and see the whole transaction."

At the conclusion of the case for the prosecution, the defendant moved that he be discharged "on the ground that he was charged with furnishing opium, while the evidence showed that a sale had taken place." The motion was denied. The defendant offered no evidence and rested. The court found the defendant guilty and imposed a fine of $50 and costs.

The points of law on which the defendant appealed are these: "1st. Denying motion of defendant for his discharge. 2nd. In finding said defendant guilty as charged, for the reason that at the trial the evidence established the fact that if anything was done relative to said opium it was a sale of said opium and not a furnishing within the meaning of section 1399, Revised Laws of Hawaii. 3rd. In holding that as the evidence

showed a sale of opium by the defendant, that said defendant could be convicted, of the charge set forth in the complaint, viz., the furnishing of opium to another."

The question thus presented for determination is, whether, where the charge, as in the case at bar, alleges a furnishing and the evidence shows a sale and delivery of the opium, the conviction can be sustained. The word "furnish" is a comprehensive term and includes many different ways by which an article may be supplied or delivered by one person to and accepted by another. And, while the word "furnish" would, ordinarily, include within its meaning most transactions showing a sale and delivery of the article sold, yet it probably would not include all sales; such, for instance, as a sale without actual delivery of the article. In the view we take of the question before us the word "furnish" is synonymous with the word "supply" or "provide." A contract in terms to furnish coal on the cars at a particular place is in effect an agreement to there "deliver" the coal to the buyer. *Watson Coal & Mining Co. v. James,* 72 Ia. 184. A contract for goods to be "furnished" along the line of a certain railroad contemplated their shipment over such railroad and "delivery" by it to the purchaser. *Silvestry v. Missochi,* 165 Mass. 337. The word "furnish" as used in a mechanic's lien statute has been construed to mean the sale and delivery of the material. *Burns v. Sewell.* 48 Minn. 425, 531, 532. To "furnish," in its ordinary acceptation, means to supply, to provide for use, which necessarily contemplates a delivery of the article or thing to be used. In 20 Cyc. 863, the word "furnish" is variously defined as follows: "To equip or fit out; supply what is necessary or fitting; to fit oneself out; to supply; to supply with anything necessary or needful; to supply or provide; to provide for; to provide for use; to provide or supply anything wanted to another; to give away; to let one have; to sell; to find; obtain or procure." See also *Enlow v. Klein,* 79 Pa. St. 488, 490. Under a statute prohibiting the selling, furnishing or giving away of

intoxicating liquor, the defendant was held to have been properly convicted under a count for furnishing intoxicating liquor upon proof of having given away the same, the court holding that giving away the liquor was one mode of furnishing it. *State* v. *Freeman,* 27 Vt. 524, 525. And it may also be observed that the sale and delivery of opium is one mode of furnishing it.   In a case where the charge was for giving intoxicating liquor to a minor, while the evidence showed that the liquor was actually purchased in part with the money of the minor, the court held that the word "give" in its more enlarged sense meant "to furnish," "to supply," and held that the facts showed such a furnishing and a violation of the law. *Com.* v. *Davis,* 75 Ky. 240.   In *Republic* v. *Akau,* 11 Haw. 363, the question was not whether the word "furnish," as used in the statute, could be held to include a sale, but whether it could be held to include a gift, and the opinion must be read with that fact in mind.

The words "sell or furnish" as used in our statute are not used in an opposing sense; while the words, "sell or give," as used in other statutes, are necessarily opposing and contradictory, and decisions based upon those statutes are of no assistance in this case.   A sale does not include a gift.   A gift does not include a sale. Proof of a sale does not prove a gift; neither does proof of a gift prove a sale.   But "furnish" includes both a gift and a sale, in cases where the article is delivered.   The word "furnish" was used to include within its meaning acts which obviously would not be included within the meaning of the word "sell," but it by no means follows that acts included within the meaning of and which constitute a sale and delivery of the article will not also constitute a furnishing.

The object of the statute is to suppress and restrain the use of and traffic in opium, and thereby eradicate the evil consequences of such use and traffic.   The statute, therefore, should be read and construed with the legislative object constantly

in mind. Suth. Stat. Const. §§241, 292, 354, 356. This rule of construction is as applicable to penal statutes as to others. *Com. v. Kimball,* 24 Pick. 366, 370. "One of the most effectual ways of discovering the true meaning of the law, when its expressions are dubious, is by considering the reason and spirit of it, or the cause which induced the legislature to enact it." Sec. 12, R. L. The facts disclosed by the evidence in this case bring it clearly within the letter, as well as within the reason and spirit, of the statute.

We therefore conclude that the evidence showing a sale and delivery of the opium by the defendant supports the conviction under the charge of furnishing.

The judgment of the district magistrate is affirmed.

*J. W. Cathcart, City and County Attorney,* for plaintiff.

*Frank Andrade* for defendant.

### DISSENTING OPINION OF ROBERTSON, C.J.

I have to dissent. The statute prohibits the selling or furnishing of opium except by the holder of a license to sell poisonous drugs, upon the written prescription of a duly licensed physician. The charge entered against the defendant was of furnishing only. The uncontradicted evidence before the district magistrate showed a sale. The question is whether, upon a charge of furnishing opium the defendant can be convicted upon evidence that he sold opium.

According to the dictionaries the word "furnish" means "give," "supply" or "provide." In *Republic v. Akau,* 11 Haw. 363, 366, this court said that "furnish" means "provide" or "supply" and "does not import a consideration." The word is a broad and indefinite one, and standing alone would not, I think, necessarily negative a consideration. The point is not what the word is capable of meaning, but what is its meaning in this particular statute. In the statute in question, as in that involved in the *Akau* case, "furnish" must be held to

mean something other than and different from "sell," which imports a money consideration. In *State* v. *Deusting,* 33 Minn. 102, where an ordinance provided that no person shall "sell, vend, deal in or dispose of" any spirituous liquors, the court said, "the terms 'dispose of' are meant to include *other forms of disposal* than indicated in the preceding words in the ordinance, though consistent with them as respects its intent and purpose." By inserting the word "furnish" in this statute the legislature evidently intended to provide against transfers of opium other than by sale.

The word "give" as well as the word "furnish" may or may not negative the idea of compensation according to the context. Fernald says: "To give is primarily to transfer to another's possession or ownership without compensation; in its secondary sense in popular use, it is to put into another's possession by any means and on any terms whatever."

Under statutes prohibiting the *selling* or *giving* of intoxicating liquors, it has repeatedly been held that proof of selling will not support a charge of giving, and *vice versa.* "Furnish" and "give" being synonymous terms, the same rule should be applied here. The reason for the rule is that two distinct offenses are created by the statute, and though both might properly be alleged in the same charge, where only one has been alleged the allegation is not supportd by proof of the other.

In *Williams* v. *State,* 8 So. (Ala.) 668, the court said: "To convict a person of 'giving' away liquor contrary to law, he must be indicted or charged with the offense of 'giving' contrary to law, and not for 'selling.' In framing indictments of this character the safer plan is to have two or more counts charging the different offenses severally in separate counts." In *Humpeler* v. *People,* 92 Ill. 401, it was said: "It was a violation of the statute to either sell or give intoxicating liquor to a person in the habit of getting intoxicated, but an indictment for selling would not be sustained by proof that liquor had been given to a person in the habit of getting intoxicated,

Territory v. Hu Seong, 20 Haw. 669.

nor would an indictment for giving liquor be sustained by proof of a sale. A sale and a gift, under the statute, are distinct and separate offenses, and proof of one will not sustain a charge for the other." To the same effect see *Harvey* v. *State*, 80 Ind. 142; *State* v. *Freeman*, 27 Vt. 526; *Wood* v. *State*, 1 Ore. 223; 2 McClain Crim Law, Sec. 1235.

In my judgment the conviction should be set aside.