JOHN WOOD, Plaintiff in Error, ads. TERRITORY OF OREGON, Defendant in Error.

*Washington Co.*

The statute provides, "If any person or persons shall barter, sell, or dispose of, in any manner, any spirituous liquor," &c.

1. *Held*—It was error to instruct the jury, "If the liquor was given gratuitously, it would sustain the indictment equally as if it had been sold and paid for."

2. *Held*—It was error to refuse the instruction, "that if the liquor was gratuitously given, without consideration, the defendant could not be convicted."

3. The statute was intended to regulate the *traffic* in spirituous liquor, for a consideration, or motive of gain.

4. A conviction for *giving* cannot stand under an indictment for *selling* liquor.

WOOD was indicted for selling liquor without license. Section six of the act relating to the granting of licenses to sell spirituous liquor, provides, that "if any person or persons shall barter, sell, or dispose of, in any manner, any spirituous liquor, without first having obtained a license, &c., shall be fined," &c. Exception is taken to the instructions of the court below.

*D. Logan*, for plaintiff.

*P. Marquam*, for defendant.

WILLIAMS, C. J. Plaintiff in error asked the court to instruct the jury, " that if the liquor was gratuitously given, without consideration, the defendant could not be convicted;" which instruction the court declined to give, but instructed them, " if the liquor was given gratuitously, it would sustain the indictment equally as if it had been sold and paid for." We think there was error in the refusal of the court to instruct the jury as asked, and, also, in the instruction given.

The statute was intended to regulate the *traffic* in spirituous liquors. To dispose of liquor in any manner might, unqualified by any thing else, mean the giving of it away; but in view of the whole statute, we think it means to part with it for some consideration, or with some motive of gain. Clearer and stronger language is necessary to make it a crime for one man to give another a glass of spirituous liquor. Where it is intended to prohibit the giving of a thing as well as the selling, the word "give," or some equivalent term, is employed, as in the statute, to prevent Indians from obtaining guns, ammunition and ardent spirits from white men. The expression, "to dispose of in any manner," seems intended to reach those cases where persons, by some artifice or indirection, attempt to cover up a sale, and so evade the penalties of the law. Furthermore, a conviction for *giving*, under an indictment for *selling*, cannot be allowed to stand.

Judgment is reversed.