# RALPH KELLY

*vs.*

## STATE OF MARYLAND.

*Intoxicating Liquors—Indictment—Title of Act—Reference to Other Act.*

Acts 1916, ch. 30, is not invalid because the title describes the act as one to enable the voters of the political units named to determine whether the sale of alcoholic, spirituous, vinous, malt and intoxicating liquors "for beverage purposes" shall be forever prohibited in certain political units respectively, while the act itself provides that, in those political units which may vote for prohibition, it shall be unlawful to sell any alcoholic, spirituous, vinous, fermented, distilled or malt liquors, "or intoxicating bitters or liquid mixtures or preparations, whether patented or not, which will produce intoxication."  pp. 207, 208.

An indictment is not defective because it does not negative exceptions contained in the statute, which depend on legislation not yet enacted.  p. 208.

That an act, prohibiting the sale of intoxicating liquors, provides that one guilty of a violation thereof shall be liable for all the penalties prescribed for selling such liquors without a license, does not require a sale to be made with a view to profit in order to involve a violation of the act, although the license statute applies only to sales made with such a view.  p. 209

*Decided June 28th, 1921.*

Appeal from the Circuit Court for Harford County (HARLAN, J.).

Ralph Kelly was convicted of selling liquor in violation of law, and appeals. Affirmed.

The cause was argued before BOYD, C. J., PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Frederick Lee Cobourn,* for the appellant.

*Alexander Armstrong, Attorney General,* and *Lindsay Spencer, Assistant Attorney General,* with whom was *Walter R. McComas, State's Attorney for Harford County,* for the State.

ADKINS, J., delivered the opinion of the Court.

Appellant was indicted under Chapter 30 of the Acts of 1916, being the Local Option Law for several counties and municipalities, including Havre de Grace.

The indictment contains three counts:

The first count charges him with unlawfully selling, dispensing and otherwise disposing of certain spirituous liquors, within the limits of the City of Havre de Grace, to a certain Barren Horton, contrary to the form of the Act of Assembly in such case made and provided, and against the peace, government and dignity of the State.

The second count in like form, charges him with selling, dispensing and otherwise disposing of certain fermented liquors to the same persons.

And the third, with selling to the same person "a certain liquid mixture (which said liquid mixture did then and there produce intoxication)."

The traverser demurred to each and every count of the indictment. The demurrer was overruled, a plea of not guilty was entered, the case proceeded to trial before a jury, and the traverser was convicted and sentenced.

This appeal is from the judgment of the court. The only error assigned is the ruling of the court on the demurrer.

The title of the act in question is:

"An act to enable the registered and qualified voters of the City of Baltimore, Baltimore County, the First and Third Precincts of Fifth District of Anne Arundel County, Annapolis City, Allegany County, Washington County, Frederick County, Prince George's County, Ellicott City and Havre de Grace,

each as a separate political unit to determine by ballot whether or not the sale, manufacture for sale and transportation for sale of alcoholic, spirituous, vinous, malt and intoxicating liquors for beverage purposes shall be forever prohibited in the said political units above designated, respectively, from and after May first, one thousand, nine hundred and eighteen; providing for the submission of such question to the voters of each of the political units herein designated and declaring the effect of such election."

Section 5 of the act is as follows:

"And be it enacted, That if upon receipt by the Governor of a certificate from the Secretary of State showing the result of such election in each of the political units herein designated, it shall appear that a majority of the voters in any such political unit qualified under the laws of the State to participate in such election voting on this question in such election have voted 'for prohibition,' then he shall forthwith issue his proclamation to this effect, and on and after the first day of May, one thousand, nine hundred and eighteen, it shall be unlawful for any person, persons, social club, firm or corporation to manufacture for sale, sell or purchase for sale, transport for sale, dispense or otherwise dispose of any alcoholic, spirituous, vinous, fermented, distilled or malt liquors or intoxicating bitters or liquid mixtures or preparations, whether patented or not, which will produce intoxication in such political unit or units so voting for prohibition, except for medicinal, pharmaceutical, scientific, sacramental or mechanical purposes, as may be allowed under the provisions of such acts as the General Assembly of Maryland shall pass at its regular session held next after the date of such election or any subsequent session allowing such sale for such purposes only. And any person, persons, social club, firm or corporaiton manufacturing, selling, transporting, dispensing or disposing of any alcoholic, spirituous.

vinous, fermented, distilled or malt liquors within
such political unit or units so voting for prohibition
shall be liable for all the penalties now or hereafter
prescribed for manufacturing, selling, dispensing, or
disposing of alcoholic, spirituous, vinous, fermented,
distilled, malt and intoxicating liquors without a
license; and any place used for purposes in violation
of this section, such use is hereby declared a nuisance
and shall be abated as such."

The first question raised by the appeal is the constitution-
ality of the above section, it being contended by appellant
that it violates section 29 of article 3 of the Constitution of
Maryland, in that, according to the title, the referendum is
to be of the question "whether or not the sale, manufacture
for sale, and transportation of alcoholic, spirituous, vinous,
malt and intoxicating liquors *for beverage purposes* shall be
forever prohibited in said political units"; whereas section 5
provides that it shall be unlawful "to manufacture for sale,
sell or purchase for sale, dispense or otherwise dispose of any
alcoholic, spirituous, vinous, fermented, distilled or malt liq-
uors or *intoxicating bitters or liquid mixtures, whether pat-
ented or not, which will produce intoxication,* in such political
units"; the italicized words above in the title (italicized by
us) being omitted in section 5 of the act, and the italicized
words above in said section (likewise italicized by us) being
added to the articles mentioned in the title, and several pro-
hibited methods of disposition being also added. It is to be
noted, however, that section 5, by the exception, provided
practically for the limitation of the prohibition to sales for
beverage purposes, whenever the Legislature should pass ap-
propriate legislation making the exceptions effective. Coun-
sel in their respective briefs have referred to a very few of
the many cases striking down or sustaining acts assailed as
being in violation of said constitutional provision; but they are
enough to illustrate clearly the principle by which this Court
has been guided.

The purpose of said provision being: first, that there should not be the combination in one act of several distinct and incongruous subjects; and second, that the Legislature and the people of the State should be fairly advised of the real nature of pending legislation; wherever it has plainly appeared that the substantial purpose of the act was not disclosed by the title, or where the subjects dealt with by the act have been multifarious, the act has been declared unconstitutional; and wherever, on the other hand, the title was not deceptive, or grossly inadequate as a description of the subject of the act, and where the matters dealt with have been germane to a single subject, the act has been sustained; the rule, of course, being to make every intendment in favor of the validity of the act.

The first class of cases is well illustrated by *Stephen* v. *State*, 88 Md. 708; *Luman* v. *Hitchens Co.*, 90 Md. 14; *Somerset County* v. *Pocomoke Bridge Co.*, 109 Md. 1; *Curtis* v. *Mactier*, 115 Md. 386; and the second class by *Keller* v. *State*, 11 Md. 525; *Parkinson* v. *State*, 14 Md. 184; *Cearfoss* v. *State*, 42 Md. 403; *Mitchell* v. *State*, 115 Md. 360. See also *Niles, Maryland Constitutional Law*, p. 152, and cases there cited. We think the act in question is well within the second class.

The next objection is that the indictment is defective in that it does not negative the exceptions contained in said section. The said exceptions were made to depend upon future legislation, and there has been no such legislation; therefore there were no exceptions effective at the time the offense was committed; and, of course, there were none to negative.

The third objection, as we understand appellant's statement, is that, since section 5 of Chapter 30 of the Acts of 1916 provides no penalty for the violation thereof, except that, by construction of the language used, the local license law for Harford County is made a part thereof; and whereas it is not a violation of said license law to sell without a license except where the sale is with a view to profit, therefore

the words "with a view to profit" are essential in the description of the offense here charged.

Of course, the answer to that is that the only part of the local license law, if any, that is made by construction a part of the act in question, is section 377 of chapter 680 of the Acts of 1916, which provides the penalty for the violation of the preceding section of that act. The offense created by that act is no part of the offense created by the act with which we are here dealing.

The fourth and remaining objection is answered by what we have said in regard to the third. Section 376 of Chapter 680 has no bearing upon this case. See *Keller* v. *State,* 11 Md. at p. 535.

Finding no error in the ruling of the trial court on the demurrer, the judgment will be affirmed.

*Judgment affirmed, with costs to appellee.*