LLOYD REYNOLDS

*vs.*

STATE OF MARYLAND.

*Indictment—Duplicity—Local Option Law.*

Since Code, art. 27, sec. 496, provides that no indictment shall be quashed "for any matter or cause which might have been a subject of demurrer," it was proper to overrule a motion to quash for supposed defects in the indictment.        p. 639

The overruling of a motion to quash an indictment for matters *dehors* the record cannot be considered on appeal if such matters are not properly brought before the appellate court.
                                                                    p. 639

Where a statute makes it a crime to do this or that, mentioning several things disjunctively, an indictment thereunder may allege in a single count that defendant did as many of the forbidden things as the pleader chooses, employing the conjunction "and," where the statute has "or," and it will be established by proof of any one of them.        p. 640

In Acts 1916, ch. 30, enabling the voters of the respective units named to determine by ballot whether the sale, manufacture for sale, and transportation for sale, of intoxicating liquors, should be prohibited in such unit, and providing that any person "selling, transporting, dispensing or disposing" of such liquors shall be liable for all the penalties "now or hereafter prescribed for manufacturing, selling, dispensing or disposing of" such liquors, the words "dispensing or disposing of" mean "dispensing or disposing of" in connection with sales, and a count in an indictment which charges the defendants with selling, dispensing, and disposing of liquor is not bad for duplicity.        pp. 641-646

*Decided November 17th, 1922.*

Appeal from the Circuit Court for Washington County (WAGAMAN, J.).

Criminal proceeding against Lloyd Reynolds. From a judgment of conviction and sentence, defendant appeals. Affirmed.

The cause was argued, together with the two next following, before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Elias B. Hartle* and *Richard H. Sweeney,* for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *D. Angle Wolfinger, State's Attorney for Washington County,* on the brief, for the State.

BOYD, C. J., delivered the opinion of the Court.

This is an appeal from a judgment rendered against the appellant, who was convicted by a jury, and sentenced by the Circuit Court for Washington County to pay a fine of $500 and costs, and to be confined in the jail of that county for a period of three months, for a violation of the local liquor law of that county. The first count in the indictment alleges that the defendant "did unlawfully sell, dispense and otherwise dispose of a certain quantity of alcoholic, spirituous, vinous, fermented, distilled and malt liquors and intoxicating bitters which will produce intoxication, to Bruce Simpson, the said Lloyd Reynolds not being a manufacturer thereof, and said liquors not being sold for delivery for shipment to places beyond the State of Maryland, or to places within the State of Maryland, where such sale is not prohibited by law," etc.

The defendant demurred to the indictment, and that was overruled. The same day he made a motion to quash the

indictment, which was overruled, and a plea of "not guilty"
was then filed, upon which the case was tried. As the statute
provides that no indictment shall be quashed "for any matter
or cause which might have been a subject of demurrer to the
indictment," etc., if the grounds relied on related to sup-
posed defects in it, the motion was properly overruled; arti-
cle 27, section 496 of Code; *Maguire* v. *State,* 47 Md. 485;
*State* v. *Edlavitch,* 77 Md. 144; and if it was based on mat-
ters dehors the record, they have not been brought before us,
and hence cannot be considered. It is, therefore, only neces-
sary for us to pass on the ruling on the demurrer, as nothing
else is presented by the record.

Chapter 30 of the Acts of 1916 was an act to enable the
registered and qualified voters of the City of Baltimore, five
counties, including Washington County, and portions of sev-
eral others, "each as a separate political unit, to determine
by ballot whether or not the sale, manufacture for sale, and
transportation for sale, of alcoholic, spirituous, vinous, malt
and intoxicating liquors for beverage purposes shall be for-
ever prohibited in the said political units above designated,
respectively," etc. Washington County was one of the units
in which there was a majority of the voters in favor of "pro-
hibition," and this statute was in force there when the Eigh-
teenth Amendment to the Federal Constitution and the Act
of Congress known as the Volstead Act were adopted. Among
other provisions in it was one that "any person, persons,
social club, firm or corporation manufacturing, selling, trans-
porting, dispensing or disposing of any alcoholic, spirituous,
vinous, fermented, distilled or malt liquors within such
political unit or units so voting for prohibition shall be
liable for all the penalties now or hereafter prescribed for
manufacturing, selling, dispensing or disposing of alcoholic,
spirituous, vinous, fermented, distilled, malt and intoxicat-
ing liquors without a license."

It is contended by the appellant that the only law in that
county providing a penalty for anything prohibited in that

statute is section 325 C, of chapter 380 of the Acts of 1908
(p. 1048) which provides "that any person who shall here-
after be convicted of selling intoxicating, spirituous or fer-
mented liquors or lager beer, or any admixture thereof, in
Washington County, Maryland, without a license first having
been obtained therefor, under the provisions of this act, shall
be sentenced to pay a fine of not less than one hundred
dollars, nor more than five hundred dollars, or undergo im-
prisonment in the county jail for not less than three months,
nor more than twelve months, or both fine and imprisonment,
in the discretion of the court or justice of the peace trying
the case."

As will be seen above, the indictment alleges that the
traverser "did unlawfully sell, dispense and otherwise dis-
pose of a certain quantity of alcoholic, spirituous, vinous, fer-
mented, distilled and malt liquors," etc., and it is argued
that inasmuch as the Act of 1908 provided a penalty for
*selling* and not for *dispensing* or *otherwise disposing of* the
liquors, the penalty for dispensing or otherwise disposing of
the liquors is a different one, and such as would be author-
ized for the violation of a statute which did not name the
penalty, and hence they cannot be joined in the same count,
and the demurrer should have been sustained.

In the brief of the appellant there is a quotation from 22
*Cyc.* 380, in reference to duplicity, which is also quoted in
the State's brief, excepting the last paragraph, which is
omitted. We will not, however, do more than refer to that,
as the question is settled in this State. In *Stearns* v. *State,*
81 Md. 341, it is said: "If a statute makes it a crime to
do this or that or that, mentioning several things disjunc-
tively, all may indeed, in general, be charged in a single
count, but it must use the conjunctive 'and' where 'or' occurs
in the statute, else it will be defective as being uncertain.
Therefore, an indictment upon a statute of this kind may
allege in a single count that the defendant did as many of
the forbidden things as the pleader chooses, employing the

conjunction 'and' where the statute has 'or' and it will not be double, and it will be established at the trial by proof of any one of them." See also *Pritchett* v. *State,* 140 Md. 310, decided at the January Term, 1922, of this Court.

Such is the established rule in this State, and we do not deem it necessary to quote authorities from other jurisdictions or text books, but the appellant contends that as, by the Act of 1908, a penalty is prescribed for *selling,* but there is none for *dispensing* or *disposing of* liquors, the three cannot be joined in one count, and that the rule announced in *Stearns* v. *State* is not applicable. It is said by the appellant that the only penalty which could be imposed for dispensing or disposing of liquors is such as could be at common law, for the violation of a statute which itself includes no penalty.

We will not stop to look through the various local laws of Washington County to see whether we can find a statute which in terms mentions dispensing and disposing of liquors, as we understand it to be practically conceded by the State that there is none, but there are several answers to the appellant's contention. In the first place, the language of the statute itself (Act of 1916) shows that it did not mean a penalty imposed for violating *that* statute. It does not say or indicate that such was the intention of the Legislature, but on the contrary, it says "shall be liable for all the penalties *now* or *hereafter* prescribed, for manufacturing, selling, dispensing or disposing of" any of the liquors mentioned, without a license. In a word, it only referred to penalties already prescribed or those which might be afterwards prescribed. While it is true that an indictment may lie for the violation of a statute, although it imposes no penalty, yet where the statute shows on its face that the Legislature only intended such penalties as were then or might thereafter be *prescribed*—that is to say, by the Legislature, and not such as would be imposed by the common law for violating a statute, then it would seem clear that the latter could not be imposed.

But there does not seem to us to be any serious question about the right to include in the indictment all three of the terms which were used, or about the power of the court to impose the penalty fixed by the Act of 1908. The object of the Act of 1916 was to enable the voters of the different units mentioned to determine by ballot "the question whether or not the *sale,* manufacture *for sale,* and transportation *for sale"* of the liquors named should be prohibited. If the voters in any unit so determined, the primary object of the statute undoubtedly was to prevent the *sale* of liquors. No one familiar with the decisions of this and other courts concerning such sales can fail to know that many schemes and artifices have been adopted from time to time in attempts to evade the laws on the subject. For illustration, in *Archer* v. *State,* 45 Md. 33, the appellant sold cigarettes at a figure intended to cover the price of liquor furnished, and charged accordingly for the cigarettes. He was convicted of a sale of the whiskey furnished—JUDGE MILLER, in delivering the opinion for this Court, saying: "Such an attempt to evade is a very shallow one, and testimony tending to show that this was the real character of the transaction was admissible." In *State* v. *Lotti,* 72 Vt. 115, the accused kept a boarding house and served ale and wine to his boarders, as a part of their meals—they paying him by the day for their boarding and lodging. It was held that the transaction was a *sale, not a gift,* and the defendant was properly convicted. Many other similar instances might be cited. In the early case of *Franklin* v. *State,* 12 Md. 236, CHIEF JUDGE LEGRAND, in a separate opinion delivered by him on the subject, said: "One of the most favored devices resorted to, to avoid the penalty of the law, was to sell some trifle for a price bearing no proper proportion to its value, and then to *'give'* the liquor. It was to guard against such discreditable evasion, that words other than that of *'sell'* were employed in legislation, such as *'dispose of'* or *'give,'* the whole of them, as before observed, having but one object in view. In construing

any writing, whether it be a law or anything else, every portion of its language should be construed always with special reference to the subject matter and its immediate context." He was taking the position that the word "give," as it appeared in the act then before the court, was as comprehensive, and meant the same, as the word "sell." While the other members of the court refrained from expressing their views on that question, as they said it was not necessary for the decision of the case, and later in *Parkinson* v. *State,* 14 Md. 184, two of the members of the Court declined to adopt his views on the construction of the statute, there can be no doubt that the general principles stated by him were correct, although in the opinion of the majority they could not be carried as far as CHIEF JUDGE LEGRAND contended for in the construction of that particular statute.

The language taken from the Act of 1916 and used in this indictment—"did unlawfully sell, dispense and otherwise dispose of"—clearly related to *sales,* and such uses as related directly to sales, not to gifts, or anything that was disassociated from the idea of profit, and was undoubtedly used to help to uncover what those seeking to evade the laws might use to cover or hide their schemes and devices, to make "sales" appear as if they were something else. We are informed by the additional notes of the Attorney General that the judges of that circuit, who have been called upon to pass on the question, have uniformly held that the words "dispense" and "dispose of," as used in the indictments, were not to be construed as including the case of a gift, "were intended to reach those cases where persons, by some artifice or indirection, attempted to cover up a sale and thus evade the penalties of the law, as was said in *Litch* v. *People,* 19 Col. App. 421, 75 Pac. 1079. While the writer of this opinion, who is in that circuit, has no recollection of the question ever having been before him, he can have no doubt about the correctness of that interpretation of the law.

As we have seen, this Act of 1916 included a number of counties in addition to Baltimore City, and parts of other counties, and, of course, it is possible that there was some statute in one or more of those units which did use the word "dispense," and "dispose of," but there seems to be none in Washington County, and if those words had not been given the meaning spoken of, doubtless some additional legislation would have been sought, or at least the State's Attorneys would not have inserted those terms in the indictments in use in that county. The Act of 1908, chapter 380, referred to above, was an act prohibiting *sales* of liquors in that county, unless those making them were licensed under it (there being some special provisions for druggists, etc.) and included various regulations and provisions. It began by saying: "That it shall not be lawful for any person or persons to *sell* spirituous, fermented or intoxicating liquors in Washington County, State of Maryland, until he shall comply with the following provisions"—a number of penalties for different violations were imposed, but the most severe one is that quoted above, for selling without a license. There are provisions prohibiting sales to minors, to others of liquors to be drunk by minors, to habitual drunkards, on Sundays and other times mentioned, and prohibiting giving liquors to minors, habitual drunkards, etc. It will not be denied that the words "dispense" or "dispose of" may, under some circumstances, include the word "giving" but it must likewise be conceded that both of those terms may in other connections refer to "sales," and they more naturally do so. They are generally more applicable to sales than to gifts.

We will not stop to quote from lexicographers or books on synonyms, but in 2 *Words and Phrases* (2 ed.) some of the cases cited illustrate our·position. For example, in *Litch* v. *People, supra,* the case of *Wood* v. *Territory,* 1 Or. 223, is referred to. Wood was indicted for selling liquor without a license. The language of the statute was "if any person or persons shall barter, sell or dispose of, in any manner, any

spirituous liquors without first taking out a license." The court said:. "To dispose of liquor in any manner might, unqualified by anything else, mean the giving of it away, but, in view of the whole statute, we think it means to part with it for some consideration, or with some motive of gain." Then after referring to gifts of liquor, the court continued: "The expression 'to dispose of in any manner' seems intended to reach those cases where persons by some artifice or indirection, attempt to cover up a sale and so evade the penalties of the law."

"Selling, dispensing and disposing of," when so used, mean dispensing or disposing of in connection with selling, and we think the terms used in the indictment so intend. The indictment on its face shows that the pleader only had in mind sales, or something equivalent to sales, as it concludes "the said Lloyd Reynolds not being a manufacturer thereof, and said liquors not being sold for delivery for shipment to places beyond the State of Maryland, or to places within the State of Maryland where such sale is not prohibited by law." That shows that the traverser was intended to be indicted for *selling* liquor without license.

The case of *Kelly* v. *State,* 139 Md. 204, was under this statute—coming to this Court from the Circuit Court for Harford County, the act being applicable to Havre de Grace. It came before us on a demurrer to each count of the indictment. The first and second counts of the indictment charged the traverser with unlawfully selling, dispensing and otherwise disposing of certain spirituous liquors. The point relied on in this case was not referred to, but this Court sustained the ruling of the lower court in overruling the demurrer. Whether or not the local laws of Harford County used the words "dispense" or "otherwise dispose of" does not appear, and we have not thought it necessary to make a thorough examination of them to see whether they do, as we refer to the case as the only one involving that act which has been before us. It is altogether probable that there are no such

terms in that law, and if it had been supposed that the point now raised would have been a good one, something would doubtless have been said either by the attorneys or this Court in its opinion.

We might discuss the meaning of the statute where it says, "any person manufacturing, selling, etc., any alcoholic, etc., liquors, "shall be liable for *all the penalties* now or hereafter prescribed for manufacturing, selling, dispensing or disposing of," etc., and the significance of the omission of "transporting" in the latter part of sec. 5 of the act, but we do not deem it necessary to do so, or to further prolong this opinion, as we are satisfied that the indictment, as drawn, was limited to selling, or its equivalent, and no injury was done the traverser.

*Judgment affirmed, the appellant to pay the costs.*