## HARRY McCOY v. STATE OF MARYLAND.
[No. 2, April Term, 1929.]

*Decided May 23rd, 1929.*

The cause was submitted on briefs to BOND, C. J., PATTI-SON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*D. A. Wolfinger* and *Bruce C. Lightner,* for the appellant.

*Thomas H. Robinson, Attorney General, J. Hubner Rice, Assistant Attorney General,* and *Harper Ballentine, State's Attorney for Washington County,* for the State.

URNER, J., delivered the opinion of the Court.

The referendum provided by Chapter 30 of the Acts of 1916 of the General Assembly of Maryland resulted in the application to Washington County of the provision in the act that "it shall be unlawful for any person, persons, social club, firm or corporation to manufacture for sale, sell or purchase for sale, transport for sale, dispense or otherwise dispose of any alcoholic, spirituous, vinous, fermented, distilled or malt liquors or intoxicating bitters or liquid mixtures or preparations, whether patented or not, which will produce intoxication, * * * "

The appellant was indicted under that statute for the unlawful manufacture for sale of a certain quantity of alcoholic intoxicating liquor. A motion to quash the indict-

ment and a demurrer to it were successively filed and over-ruled, and a plea of guilty was then entered. The appeal is from a judgment imposing a fine of fifty dollars and costs.

Both the motion to quash and the demurrer were filed upon the theory that no penalty is provided by law for the offense charged in the indictment. The penalties designated by the Act of 1916 for violations of its provisions were those prescribed, by existing or later statutes, "for manufacturing, selling, dispensing or disposing of alcoholic, spirituous, vinous, fermented, distilled, malt and intoxicating liquors without a license." The Act of 1908, ch. 380, sec. 325C, operative in Washington County, provides for the punishment, by fine or imprisonment, or both, of persons convicted of selling intoxicating liquors without a license, but for the manufacture of such liquors without a license no penalty is prescribed by that act nor by any other applicable license statute. It is therefore to be determined whether it was the purpose of the Act of 1916 that a violation of any of its prohibitions should be punishable only to the extent that a corresponding act might be penalized under the license laws, or whether the act intended that any of the penalties prescribed by those laws should be available for any of the offenses which it specified. According to the first interpretation, the manufacture for sale of intoxicating liquor in Washington County, although expressly prohibited by the act, could be conducted with impunity, since a common law penalty is precluded by the reference to statutory measures of punishment (*Reynolds v. State,* 141 Md. 637), but the second construction would justify the imposition of the sentence of which the appellant complains.

It was the declared purpose of the Act of 1916 to provide penalties for "manufacturing, selling, transporting, dispensing or disposing" of alcoholic liquors in any political subdivision in which its provisions were ratified by the voters. The perpetrator of any of the prohibited acts was specifically made "liable for all the penalties" for "manufacturing, selling, dispensing or disposing" of alcoholic liquors without a license, as prescribed by statutes then in force or thereafter

enacted. Those descriptive terms were used disjunctively. They were so employed with presumed knowledge by the legislature that the only existing penalties for transactions without license to which the Act of 1916 was referable were those prescribed for unauthorized sales of intoxicating liquors. It is reasonable to suppose that the act was designed to provide penalties for all the offenses which it described. The natural interpretation of its terms supports that logical assumption. It distributively applies "all the penalties" for liquor operations without a license to each of the acts which it makes unlawful. That intention becomes more evident when it is observed that the reference to the license law penalties does not mention transportation for sale, although that is one of the activities to which all of the penalties for "manufacturing, selling, dispensing or disposing" of alcoholic liquors without a license are distinctly made applicable. If, therefore, the appellant had been indicted for transporting liquor for sale, instead of manufacturing it for sale, in violation of the Act of 1916, it could hardly be contended that he should not be amenable, on conviction, to any of the license law penalties to which that act refers. In our opinion those penalties equally apply to the offense of which the appellant was convicted.

In *Weller v. State,* 150 Md. 228, an indictment, under the Act of 1916, containing a charge similar to the one preferred in this case, was sustained as against a demurrer which challenged it on grounds not involving the question now being decided. It was held in *Kelly v. State,* 139 Md. 204, that an indictment under the Act of 1916, charging an unlawful sale of liquor, was not demurrable on the ground that the local statute, prescribing penalties for liquor sales without a license, referred only to sales made "with a view to profit," and the indictment did not so describe the sale which it alleged. The court said that the offense mentioned in the license law was no part of the one which the Act of 1916 created. An effort was made in *McCurdy v. State,* 151 Md. 438, to raise, by motion in arrest of judgment, the question now under consideration, but we held that the

motion was properly overruled because the point should have been made by demurrer to the indictment. That course was pursued in the present case, and our conclusion is that the demurrer, and also the motion to quash the indictment, were rightly overruled.

*Judgment affirmed, with costs.*